UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR HERNANDEZ, on his own
behalf and on behalf of those similarly
situated,

    Plaintiff,

vs.                                    CASE NO.: 8:17 cv 2825 T 30 MAP

PLASTIPAK PACKAGING, INC., a
Foreign Profit Corporation,

    Defendant.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT

Plaintiff, HECTOR HERNANDEZ, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, PLASTIPAK PACKAGING, INC., ("PLASTIPAK" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. This action seeks to recover judgment in favor of Plaintiff and against Defendant for all unpaid overtime amounts due to Plaintiff as a result of underpayment/non-payment of overtime wages, as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

6. The Defendant in this case, a plastic packaging company, violated the FLSA by failing to pay Plaintiff and other similarly-situated maintenance mechanics time and one-half compensation for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every maintenance mechanic who worked for Defendant at any time within the past three (3) years, who was eligible for and/or received shift differential pay in one or more workweeks during the relevant time period.

## PARTIES

8. Plaintiff, and those similarly situated individuals ("class members"), were non-exempt "maintenance mechanics" who performed services for Defendant.

9. Defendant, PLASTIPAK, is a Foreign Profit Corporation.

10. Defendant, a worldwide company headquartered in the United States in Michigan, is a plastic packaging company with one of many manufacturing sites located at 4211 Amberjack Blvd., Plant City, Florida 33566 *See* Defendant's website, *available at* http://www.plastipak.com.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant, PLASTIPAK, conducts business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

      c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. tools, machinery, and/or office supplies).

17. At all material times, Plaintiff and all others similarly situated were subject to the individual coverage of the FLSA, because they regularly and customarily produced goods for commerce.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

18. Defendant, PLASTIPAK, is a plastic packaging company.

19. Defendant has a common pay policy and/or pay practice which fails to pay certain employees at a rate of time and one-half times their regular rate of pay for all hours worked in excess of forty (40) per week.

20. Plaintiff, HECTOR HERNANDEZ, performed non-exempt mechanical duties for Defendant.

21. Plaintiff worked in this capacity from approximately March 2011 to May 2016.

22. In exchange for his work performed, Defendant paid Plaintiff and those similarly situated a base salary, plus additional "shift differential" shift pay.

23. Plaintiff, and those similarly situated, received additional pay allocated as a "shift differential" in exchange for working less desirable shifts, such as evening shifts.

24. Defendant failed to include the "shift differentials" paid to Plaintiff, and those similarly situated to him, in the regular rate of pay for purposes of calculating Plaintiff's overtime rate of pay, and those similarly situated.

25. The "shift differentials" paid to Plaintiff, and those similarly situated to him, were required to be included in the regular rate of pay for purposes of calculating the proper overtime rate and overtime pay due. *See, e.g., O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003);

4

*Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777 (7th Cir. 2002); *Herman v. City of St. Petersburg, FL, Police Dept.*, 131 F.Supp.3d 1329, 1334 (M.D. Fla. 2001) ("It is well settled that once an employer agrees to pay a shift differential, the overtime rate, which compensates an employee at one and one-half his regular rate after forty hours of work in a workweek, includes these shift differentials in calculating overtime.").

26. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, proper overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

28. The manner in which Defendant paid Plaintiff was the same manner in which Defendant paid all of its maintenance mechanics.

29. Upon information and belief, Defendant had/has a company-wide policy of failing to pay all of its maintenance mechanics proper overtime compensation for all of their overtime hours worked.

30. The policies or practices complained of herein were applicable to Plaintiff and the class members.

31. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime and/or minimum wages to Plaintiff applies to all class members.

5

32. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

33. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34. Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

37. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid proper time and one-half compensation for same.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

40. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 11/20/17                              Respectfully submitted by,

                                             _____ #0077459
                                             Kimberly De Arcangelis, Esq.
                                             Bar No.: 025871
                                             Morgan & Morgan, P.A.
                                             20 N. Orange Ave., 14th Floor
                                             Orlando, Florida 32801
                                             Telephone: (407) 420-1414
                                             Facsimile: (407) 245-3383
                                             Email: kimd@forthepeople.com

7

Andrew R. Frisch, Esq.
Florida Bar No.: 27777
MORGAN & MORGAN, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-Mail: afrisch@forthepeople.com

*Trial Counsel for Plaintiff and Class Members*