UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR HERNANDEZ, on his
own behalf and on behalf of those
similarly situated,

    Plaintiff,

vs.                                        CASE NO.: 8:17-cv-02826-JSM-MAP

PLASTIPAK PACKAGING, INC., a
Foreign Profit Corporation,

    Defendant.               /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, HECTOR HERNANDEZ ("Plaintiff" or "Hernandez"), on his own behalf and on behalf of others similarly situated, by and through his undersigned counsel, hereby files this Response in Opposition to Defendant's Motion to Dismiss Complaint ("Motion"), and states:

## INTRODUCTION

    Defendant maintains a company-wide pay policy under which it systematically underpays overtime premiums due to its Maintenance Mechanic employees, including Plaintiff. *See* D.E. 1. While Defendant contends that it properly takes advantage of the fluctuating work week methodology, Defendant's contention in this regard is contrary to well-settled black-letter law, including the fluctuating work week regulation itself. *See*

1

29 C.F.R. § 778.114. Specifically, although an employer may only take advantage of the fluctuating workweek's reduced overtime premium formula if it pays employees a "fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many," here it is undisputed Defendant failed to do so. Rather, as pled in Plaintiff's Complaint, Defendant failed to pay Plaintiff and those similarly situated to him proper overtime compensation as a result of shift differentials paid for certain hours and type of work. *See* D.E. 1, ¶¶ 22-25. Specifically, payment of these shift differentials, which Defendant failed to include in the calculation of Plaintiff's regular rate of pay and resulting overtime calculations necessarily precludes application of the fluctuating workweek.

2. On December 22, 2017, Defendant filed a Motion to Dismiss (hereinafter "Motion"). The crux of Defendant's argument is that Plaintiff's claim is factually and legally insufficient pursuant to Rule 8 of the Federal Rules of Civil Procedure and that Plaintiff has failed to state a claim under the FLSA. *See* Doc. 4. Defendant additionally improperly attempts to convince this Court that Plaintiff's precise claims have already been decided, which as explained in more detail below, is simply untrue.

In lieu of filing an Answer in which it would have to acknowledge these well-pled facts in Plaintiff's Complaint, Defendant has filed a Motion to Dismiss. In its Motion, Defendant contends that: (1) Plaintiff has failed to

satisfy a heightened pleading standard Defendant urges, but which has squarely and repeatedly been rejected by both the Eleventh Circuit and courts within this District; and (2) the non-final decision issued by the *Hall* court in which the shift-differential issues at bar were neither presented nor resolved somehow precludes Plaintiff's instant claims. As further discussed below, both of these arguments are without merit and thus, Defendant's Motion is due to be denied.

Plaintiff has provided factual and legal allegations far in excess of the low pleading burden required by the Eleventh Circuit, and has sufficiently stated a viable claim under the FLSA for unpaid overtime. Indeed, notably absent from Defendant's Motion in which it urges a "heightened" pleading standard are any cases from within this Circuit. The reason is clear. The Eleventh Circuit does *not* require that Plaintiff give an estimation of the overtime hours he worked or other such specific detail at the pleading stage. Likewise, the *Hall* decision, a decision currently on appeal, in which the court never addressed the issues at bar has no bearing on this case.

For these reasons, Defendant's Motion must be denied.

## MEMORANDUM OF LAW

### I. Standard for Motion to Dismiss

When evaluating the merits of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must view allegations of a complaint in the light most

favorable to the plaintiff. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted." *Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007). (emphasis added).

Here, Plaintiff's Complaint is not unintelligible or confusing[1] and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and

---

[1] Defendant attempts to mislead this Court that the allegations in the complaint are somehow confusing or "self-contradictory" regarding whether Plaintiff did or did not receive the shift differential. However, Plaintiff's complaint clearly states that Plaintiff received a "base salary, plus additional shift differential pay" but that Defendant "failed to include the shift differentials paid to Plaintiff and those similarly situated to him, in the regular rate of pay for purposes of calculating Plaintiff's overtime rate of pay…" *See* Doc. 1 at ¶ ¶ 22-23. Although not required, Plaintiff's complaint also contains case law to explain why this policy violates the FLSA. *Id.* at ¶ 25.

4

more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendant and how those actions are wrongful.

## II.   FLSA Pleading Standard in the Eleventh Circuit

The Eleventh Circuit has stated that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (holding that "overly detailed" allegations of the type urged by Defendant are not required). "The elements[2] that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207 and 215(a)(2)).

---

[2] Similarly, the Eleventh Circuit Civil Pattern Jury Instructions provide the following simple elements for an FLSA claim:

> (1) Plaintiff was employed by the Defendant during the time period involved;
> (2) Plaintiff was engaged in commerce or in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and
> (3) Defendant failed to pay Plaintiff the overtime pay required by law.

*See* Eleventh Circuit Civil Pattern Jury Instructions 4.14 (2013); *see also Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 Fed.Appx. 940, 942 (11th Cir. 2012) ("To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages."), citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Plaintiff's claims need not be overly detailed but merely sufficient to state a claim under the FLSA. *See Anish v. Nat'l Secs. Corp.*, 2010 WL 4065433 *1, 3 (S.D. Fla. Oct. 15, 2010) (finding plaintiff's general pleadings "sufficient to state a claim under the FLSA" where he pled that he was "a non-exempt employee under the FLSA who regularly worked over forty hours per week for [d]efendant," that "[d]efendant failed to compensate him at the statutory rate of time and one-half for the hours in excess of forty," and that defendant was an "employer engaged in interstate commerce."). A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under the FLSA does not require more." *Mitial v. Dr. Pepper Snapple Group*, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) (quoting *Labbe*, 319 F. App'x at 764). To the extent that Defendant seeks more specific information from Plaintiff (and potential collective-action members), such information can, and should, be exchanged as part of the discovery process, and lack of this information is not proper grounds for dismissal at the initial pleading stage. *See Mitial*, 2012 WL 2524272, at *3.

### III. <u>Plaintiff's Allegations Exceed the Low Pleading Burden Set Forth by the Eleventh Circuit</u>

In the instant case, Plaintiff's Complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA. In his Complaint, Plaintiff alleges that: (1) he and other maintenance mechanics were Defendant's employees (*see* D.E. 1 at ¶¶ 6, 7, 8, 14, 20 and 37); (2)

Defendants are an enterprise covered by the FLSA (*Id.* at ¶¶ 13 - 16); and (3) Plaintiff worked overtime hours for which Defendant failed to properly compensate him (and those similarly situated) his/their appropriate overtime premium rates (*Id.* at ¶¶ 6, 19, 24, 25, 26, 27, 29, 36 and 37). Thus, as the Eleventh Circuit held in *Labbe* "[w[hile these allegations are not overly detailed, we find that a claim for relief to pay minimum wages, <u>to provide overtime compensation</u>, or to keep appropriate records under FLSA <u>does not require more</u>." *Labbe*, 319 F. App'x at 764 (emphasis added). Plaintiff's Complaint provides sufficient allegations to meet the standard enunciated in *Labbe* and based on this alone, Defendant's Motion must be denied.

Inexplicably, Defendant fails to cite or even mention *Labbe* in its Motion, despite *Labbe* being directly on point and binding Eleventh Circuit authority. There are numerous district court opinions in this Circuit as well as outside this Circuit which cite to *Labbe*. Yet, Defendant ignores this <u>binding precedent</u> and attempts to mislead this Court into adopting an alleged "heightened" standard that requires a plaintiff to, among other things, estimate his alleged unpaid hours worked and wages not received. *See* Defendant's Motion, Page 3. This Court should ignore Defendant's attempt to misguide the standard and hold that Plaintiff's allegations meet the standard set forth in *Labbe.*

IV. <u>**The Middle District of Florida has Consistently Held Specific Damages are not Required in an FLSA Complaint**</u>[3]

Defendant contends that Plaintiff's Complaint is deficient because he has failed to provide an estimate of the number of overtime hours at issue. Contrary to Defendant's contentions, the law in this Circuit and in this District is clear that Plaintiff does not have to provide such an estimate however.

Here, Plaintiff's Complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA. *See Labbe, supra.* Moreover, despite Defendant's misstatement of law, Plaintiff need not state his rates of pay, the number of hours that he is requesting compensation, the exact time periods, or an estimate of the wages not received.

This is far from an issue of first impression. Rather, a multitude of courts in this District and elsewhere within the Eleventh Circuit have repeatedly held that an FLSA Plaintiff satisfies his pleading burden where he has alleged that he was an employee of Defendant, that Defendant failed to properly compensate him for overtime worked, and that Defendant is subject to the FLSA. *See Rivera v. McDonald's Corporation*, Case No.: 6:09-cv-00807, Doc. 18 (M.D. Fla. August 4, 2009) (Report and Recommendation by Mag. Gregory J. Kelly denying Defendant's Motion to Dismiss on similar grounds,

---

[3] Inasmuch as this case concerns a miscalculation issue (as opposed to an off-the-clock issue), the number of overtime hours worked is not likely to be at issue.

a case being litigated by the undersigned). *see also Matallan v. McDonald's Corp.*, 2009 WL 756205 (M.D. Fla. March 18, 2009) (denying Defendant's Motion to Dismiss based on similar grounds); *see also Chandler v. Geneva Construction, Inc.*, Case No.: 59-cv-00121, Doc. 10 (M.D. Fla. May 8, 2009) (Report and Recommendation by Mag. Jones denying Defendant's Motion to Dismiss on similar grounds); *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373 (S.D. Fla. June 2016) (rejecting identical argument, holding that at the pleading stage, Plaintiff is not required to specify the time period or the approximate number of hours worked during a given time period that overtime is allegedly owed) (citing cases). In line with this well-settled authority, Defendant's Motion must be denied.

V. The *Hall* Decision Has No Bearing on This Case

Defendant also urges the Court to deny Plaintiff his rightful wages based on the decision from another court in which the court was neither presented with nor resolved the issues at bar.[4] It is clear however that the *Hall* court's

---

[4] Defendant also cites the conclusions of an alleged Department of Labor opinion, which it fails to provide to the Court. Inasmuch as Defendant's conclusory representation of a supposed Department of Labor audit is hearsay it is not properly before the Court. Moreover, a search of the Department of Labor's website, which catalogs all such audits, does not reveal that any such audit ever took place. Likewise, Defendant has refused to produce a copy of any audit to the undersigned despite numerous requests both prior to the commencement of the case.

Nonetheless, as part of her exhaustive pre-suit investigation, Plaintiff's undersigned counsel has requested a copy of any such DOL audit through a FOIA request directly to the DOL.

decision, currently on appeal, has no preclusive effect with regard to Plaintiff's claims at bar.

At the motion to dismiss stage, Courts cannot look beyond the four corners of the complaint. *See St. George v. Pinellas County*, 285 F. 3d 1334, 1337 (11th Cir. 2002). Thus, Defendant's mere assertion that the Department of Labor "approved" its "practice of compensating its salaried non-exempt employees for overtime hours worked…." and the existence of a non-final Order issued in the Eastern District of Michigan, have no bearing on this case at this stage. *Hall v. Plastipak Holdings, Inc.,* 254 F. Supp. 3d 961 (E.D. Mich. 2017) (appeal pending). Equally important, the pay policy examined in *Hall* is different than the policy at issue in this case.

Although Defendant asserts that the Department of Labor has approved the payment of overtime to non-exempt employees, it has failed to provide evidence that such opinion or finding exists. Likewise, even accepting Defendant's unsupported hearsay statements as true, Defendant does not contend that the Department of Labor ever examined the precise pay policy at issue in this case, Defendant's payment of shift differentials.

Defendant's Motion is devoid of any evidence of the alleged Department of Labor audit or its conclusion. As such, Defendant's unsubstantiated assertions regarding findings (or lack thereof) of the Department of Labor at this motion to dismiss stage have no bearing on its instant Motion to Dismiss.

Defendant's reliance on the *Hall* case is likewise misplaced. The Hall opinion is neither final nor did it address the issues at bar here. Specifically, in the present case, Plaintiff contends that Defendant's payment of "shift differentials" offends the fixed weekly salary requirement found in 29 U.S.C. §778.114, and that its failure to include such shift differentials in the calculation of Plaintiff's regular rate and resulting overtime rate is likewise in violation of the FLSA. *See O'Brien v. Town of Agawam*, 350 F.3d 279, 289–90 (1st Cir. 2003) (holding that employees did not receive a "fixed amount" under FWW element two when they were paid additional compensation for nighttime shifts and for other hours worked on otherwise off-duty time). Accordingly, Plaintiff further contends that Defendant is precluded from paying Plaintiff and those similarly situated to him pursuant to the fluctuating workweek method and instead should have included the shift differentials in the regular (salary) rate paid for purposes of calculating their overtime rates. *See Herman v. City of St. Petersburg, FL, Police Dept.,* 131 F. Supp. 3d 1329, 1334 (M.D. Fla. 2001) ("It is well settled that once an employer agrees to pay a shift differential, the overtime rate, which compensates an employee at one and one-half his regular rate after forty hours of work in a workweek, includes these shift differentials when calculating overtime.").

Neither of these issues—which form the basis of Plaintiff's case here—were addressed by the *Hall* court. Rather, in *Hall*, there is no mention

whatsoever regarding the payment of shift differentials and whether the payment of same offends the fixed salary requirement contained in §778.114. *See Hall, supra.*  As such, even to the extent the *Hall* decision could be considered a final order with any precedential value, it still would have no bearing on the issues at bar here.  For these reasons as well, Defendant's Motion must be denied.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion must be denied.

Date:  January 12, 2018          */s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
FL Bar No.:  025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone:  (407) 420-1414
Facsimile:   (407) 245-3383
Email:        kimd@forthepeople.com

Andrew R. Frisch
FL Bar No.: 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone:  (954) WORKERS
Facsimile:   (954) 327-3013

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record, this 12th day of January, 2018.

/s/ *Kimberly De Arcangeliss*
Kimberly De Arcangelis, Esq.
