## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**HECTOR HERNANDEZ, on his own behalf and on behalf of those similarly situated,**

    Plaintiff,

v.                                            Case No.  8:17-cv-2826-T-30MAP

**PLASTIPAK PACKAGING, INC., a Foreign Profit Corporation,**

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 4) and Plaintiff's Response in Opposition (Dkt. 11).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Hector Hernandez, on his behalf and on behalf of those similarly situated, filed a collective action complaint against Defendant Plastipak Packaging, Inc. under the Fair Labor Standards Act ("FLSA").  Plaintiff alleges that he and those similarly situated individuals were non-exempt "maintenance mechanics" who performed services for Defendant.  Plaintiff and the putative class members were paid a base salary, plus additional "shift differential" pay.  Plaintiff avers that Defendant failed to include the "shift differentials" in the regular rate of pay for purposes of calculating the overtime rate of pay.

Plaintiff further alleges that Plaintiff and the class members frequently worked over forty hours in a work week and were not paid the required time and one-half compensation for the hours worked over forty. The complaint contains one claim of overtime compensation. (Dkt. 1).

Defendant moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Curiously, Defendant applies a heightened pleading standard more akin to a Rule 9(b) standard that does not apply to Plaintiff's overtime claim. As explained below, a review of the complaint makes clear that Plaintiff's claim is sufficiently pled.

Defendant then argues, without attaching any support, that the Department of Labor ("DOL") has "already investigated" Defendant and concluded there were no overtime violations. As discussed further, this argument—even if it had been supported with documentation—relies on evidence outside the complaint, which is inappropriate at this stage.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the

contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

In *Secretary of Labor v. Labbe*, the Eleventh Circuit noted that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." 319 Fed.Appx. 761, 763 (11th Cir. 2008). Instead of a complex scheme, "[t]he elements that must be shown are simply a failure to pay overtime compensation...in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

Plaintiff's complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA. Plaintiff alleges that: (1) he and other maintenance mechanics were Defendant's employees; (2) Defendant is an enterprise covered by the FLSA; (3) Plaintiff (and those similarly situated) worked overtime hours; and (4) Defendant failed to properly compensate Plaintiff (and those similarly situated) at the appropriate overtime rate. The complaint includes facts regarding Defendant's "common pay policy" of not including the "shift differentials" paid to Plaintiff (and those similarly situated) in the regular rate of pay for purposes of calculating the overtime rate of pay.

Defendant argues, without citing to any binding authority, that the complaint should include facts of the amount of hours worked in excess of forty, when those hours were

incurred, and the amount of wages not received. These facts are not required. The Eleventh Circuit precedent of *Labbe* indicates that Plaintiff's allegations are sufficient. *See* 319 Fed.Appx. at 763; *see also Ramos v. Aventura Limousine & Transp. Serv., Inc.*, Case No. 12-21693-CIV, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012) ("There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages.").

Next, Defendant argues that the DOL investigated its pay practices and concluded that Defendant had not violated the FLSA. Defendant appears to think it is sufficient for the Court to accept this argument without any evidentiary support. Even accepting Defendant's unsupported hearsay statements as true, Defendant ignores bedrock law that prevents the Court from looking beyond the four corners of the complaint at the motion to dismiss stage. *See St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In sum, a review of Plaintiff's complaint indicates he has met the requisite factual specificity required under the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 4) is denied.

2. Defendant shall file its answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 18, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record