**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HECTOR HERNANDEZ, on his own**
**behalf and on behalf of those similarly**
**situated,**

      **Plaintiff,**

**vs.**                                **CASE NO.: 8:17-cv-02826-JSM-MAP**

**PLASTIPAK PACKAGING, INC., a**
**Foreign Profit Corporation,**

      **Defendant.**                **/**

## CASE MANAGEMENT REPORT[1]

1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on March 1, 2018 at 10:00 a.m. at Thompson, Sizemore, Gonzalez & Hearing, P.A., 201 N. Franklin Street, Suite 1600, Tampa, Florida 33602 and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Kimberly De Arcangelis, Esq.** | **Plaintiff** |
| **Andrew Frisch, Esq. (Telephonically)** | **Plaintiff** |
| **Thomas M. Gonzalez, Esq.** | **Defendant** |
| **Ronald G. Acho, Esq. (Telephonically)** | **Defendant** |

2.    <u>Initial Disclosures</u>:

a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from

---

1 Plaintiff intends to move for conditional certification of a collective action in this matter. If granted, Plaintiff anticipates seeking to amend the Case Management Report.

disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[2]

The parties (check one)

   __X__          have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **April 9, 2018**.[3]

   _____       stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

                    _____
                    _____
                    _____

   _____       have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

                    _____
                    _____
                    _____

     3.    <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

     a.  <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

     (1) <u>Requests for Admission</u>:

     **The Parties intend to comply with all Federal and Local Rules of Procedure.**

---

[2] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[3] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

(4) <u>Oral Depositions</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:   Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

|  | Proposed length |  |
| --- | --- | --- |
| <u>Name</u> | <u>of Deposition</u> | <u>Grounds</u> |

b. <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:  **November 30, 2018.**

c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within 14 days of discovering the need for supplementation.**

d. <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before **January 31, 2019**.

4. <u>Discovery Plan - Defendant</u>:    The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

(4) <u>Oral Depositions:</u>

**The Parties intend to comply with all Federal and Local Rules of Procedure.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br>of Deposition | Grounds |
|---|---|---|
| | | |

b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:  **November 30, 2018.**

c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within 14 days of discovering the need for supplementation.**

d.  <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before **January 31, 2019.**

5.  <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): **None at this time.**

6.  <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:  **None at this time.**

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:  Parties agree that the final date for filing

a.  motions for leave to file third party claims, motions to join parties should be **April 30, 2018.**

b.  motions for summary judgment, and all other potentially dispositive motions should be **March 1, 2019** (Note time limit in Local Rule 4.03.)

8.    <u>Settlement and Alternative Dispute Resolution</u>:    Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely            (check one)
 **X** unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____yes    **X**_no **NO** likely to agree in future

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.    <u>Consent to Magistrate Judge Jurisdiction</u>:    The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C. § 636.

_____ yes    **X**__no _____likely to agree in future

10.    <u>Preliminary Pretrial Conference</u>:   Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
____Request (check one)
 **X**__do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:  **N/A**

11.    <u>Final Pretrial Conference and Trial</u>:   Parties agree that they will be ready for a final pretrial conference on or after **July 12, 2019** and for trial on or after **August 5, 2019**.  This **Jury _X_ Non-Jury ___** trial is expected to take approximately **3** days at **8** hours per day.

12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:   Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     Other Matters:

**None at this time**

Dated:  March 27, 2018                                    Respectfully submitted,

| | |
|---|---|
| */s/ Kimberly De Arcangelis*<br>Kimberly De Arcangelis, Esq.<br>Bar No.: 0025871<br>MORGAN & MORGAN, P.A.<br>20 N. Orange Avenue, 14th Floor<br>Orlando, Florida 32801<br>Telephone:  (407) 420-1414<br>Facsimile:  (407) 245-3383<br>Email:  kimd@forthepeople.com<br><br>*/s/ Andrew R. Frisch*<br>Andrew R. Frisch, Esq.<br>Bar No.: 27777<br>MORGAN & MORGAN, P.A.<br>600 North Pine Island Road, Suite 400<br>Plantation, Florida 33324<br>Telephone:  (954) WORKERS<br>Facsimile:  (954) 327-3013<br>Email:  afrisch@forthepeople.com<br><br>*Attorneys for Plaintiff* | /s/ Ronald G. Acho<br>Ronald G. Acho (Admitted Pro Hac Vice)<br>Michigan Bar No. P 23913<br>CUMMINGS, McCLOREY, DAVIS & ACHO<br>17436 College Parkway<br>Livonia, MI 48152<br>Telephone: (734) 261-2400<br>Telefax: (734) 261-4510<br>racho@cmda-law.com<br><br>*/s/ Thomas Gonzalez*<br>Thomas M. Gonzalez<br>Florida Bar No. 182341<br>THOMPSON, SIZEMORE, GONZALEZ &<br>HEARING, PA<br>201 N Franklin St., Ste 1600<br>Tampa, FL 33602-5110<br>Mailing: P.O. Box 639<br>Tampa, FL 33601<br>Telephone: (813) 273-0050<br>Telefax: (813) 273-0072<br>Email: tgonzalez@tsghlaw.com<br><br>*Attorneys for Defendant* |