UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR HERNANDEZ,

    Plaintiff,

vs.                                           Case No. 8:17-cv-2826-JSM-MAP

PLASTIPAK PACKAGING, INC.,
a foreign profit corporation,

    Defendant.
_____

## DEFENDANT'S SUPPLEMENTAL BRIEF ON SUMMARY JUDGMENT

Pursuant to the Court's Order dated January 26, 2022 (D.E. 82), Defendant Plastipak Packaging, Inc., ("Plastipak"), respectfully submits this supplemental brief and asks the Court to dismiss this matter in its entirety for the reasons stated herein and in its original summary judgment briefs.

### I. INTRODUCTION AND SUMMARY

As the Court noted in its first summary judgment ruling, "[t]he facts of this case are largely undisputed." (D.E. 62 at 1). The case has thus turned on entirely legal questions as to whether those undisputed facts satisfy the requirements for using the fluctuating workweek method ("FWW").

The 11th Circuit Court of Appeals has settled one question of law by ruling that that the bi-weekly salary that Plastipak paid to Plaintiff constituted a "fixed salary" for purposes of the FWW method. (*See* D.E. 78 – Opinion and Order (USCA 11th Cir.)

at 15,16, 23 and 24).

Plaintiff now argues, as a matter of law, that Plastipak's policy of paying more than the minimum amount in overtime premiums required by the FWW method precludes use of the FWW method. Plaintiff first claims that the FWW method does not merely set a floor on the amount of overtime premiums to be paid, but instead requires a precise amount – no more and no less. This is wrong. The 11th Circuit just explicitly stated that paying more than the minimum does not violate the FWW:

> [Section 778.114] does say that "[w]here all the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are present, the Act, in **requiring that 'not less than' the prescribed premium of [fifty] percent for overtime hours worked be paid, does not prohibit paying more.**" Id. § 778.114(c).

(D.E. 78 at 14 [emphasis added]).

Plaintiff next argues that, because Plastipak's generous overtime premiums equaled the same amount per hour that an hourly wage earner would receive in straight time pay, he was confused into thinking that he was actually an hourly employee rather than salaried and thus there was no "clear mutual understanding." (See D.E. 83, pp. 4, 7, and 8). This argument is equally wrong. The FWW method applies so long as the employee understands that he is receiving a fixed salary as ***straight time pay*** for whatever hours he or she works, many or few. (*Garcia v Yachting Promotions, Inc.*, 662 Fed.Appx. 795, 798 (11th Cir. 2016). Any confusion or misunderstanding about ***overtime premiums*** is therefore irrelevant. (*Id.* [An employee "does not have to understand every contour of how the fluctuating workweek method is used to calculate salary."] [quoting 29 C.F.R. § 778.114(c)]. Plaintiff does not

dispute that he understood that he was receiving a fixed salary as straight time pay for all his hours. (*See infra*)

Plaintiff has no basis, therefore, to dispute that every one of the conditions necessary for application of the FWW method were satisfied.

## II. UNDISPUTED FACTS

The undisputed facts are 1) Plaintiff's hours fluctuated from week to week, sometimes working more than 40 hours and sometimes less. (D.E. 62 at 2). 2) Plaintiff received a fixed salary ($1,964.99 every two weeks), which did not vary no matter how many hours he worked, many or few. (D.E. 12, Answers to Interrogatories Nos. 5 and 6d; see also Plaintiff Dep., pp. 173-174). 3) Plaintiff understood the terms of this fixed, bi-weekly salary. (*Id.*). 4) Plaintiff always received at least the minimum wage. (D.E. 33, Exh. 1 Plaintiff Dep. p. 115). 5) Plaintiff always received more than the minimum in overtime premiums per hour required by the FWW method. (D.E. 83 at 2).

Rather than dividing his weekly salary by the actual number of hours worked (e.g., 45, 50, etc.), Plastipak calculated overtime premiums by dividing his salary by only 40 hours and then paying 100% of that rate per hour, rather than the 50% minimum required by the FWW method, resulting in a higher amount of overtime premium. (D.E. 83 at 2).

To be clear, Plaintiff does not dispute that he understood that he was receiving a fixed salary (as defined by the 11th Circuit) for fluctuating work hours as straight time pay. Plaintiff also does not dispute that he signed an Acknowledgment Form on

3

March 14, 2011, affirming that the salary and compensation policy had been explained to him, that he understood the policy, that he acknowledged his "clear and mutual understanding of the policy", and that he agreed to be compensated according to the policy as a term and condition of employment. (D.E. 33, Exhibit 1, Plaintiff Dep Plaintiff Dep. pp. 45-47 and Ex. 5: Acknowledgment form).

Instead, Plaintiff's only allegation of any misunderstanding was that he claims he *thought* he was an hourly employee rather than a salaried employee because Plastipak's generous overtime premiums happened to be the same amount an hourly wage earner would receive in straight time pay. (*See* D.E. 46 atb18-19; D.E. 56 at 21-22, 24; and D.E. 83 at 5-6).

## III. LEGAL ANALYSIS

### A. Plastipak Did Not Violate the Fluctuating Workweek Rule by Paying Hernandez More Than the Minimum Overtime Premiums

Plaintiff argues that Plastipak failed to comply with the FWW rule by using a denominator of 40 hours to calculate the rate for overtime premiums rather than using the larger actual hours worked, resulting in a higher premium. (D.E. 83 at 3-4). Plaintiff argues the FWW requires an *exact* amount of overtime premium – not a penny more, not a penny less. (*Id.*) This is false. The FWW method sets forth only a *minimum* amount that must be paid, without any maximum. The 11th Circuit said so directly:

> [Section 778.114] does say that "[w]here all the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are present, the Act, in **requiring that 'not less than' the prescribed premium of**

**[fifty] percent for overtime hours worked be paid, does not prohibit paying more.**" Id. § 778.114(c).

(D.E 78 at 14 [emphasis added] [citing U.S. Dep't Labor, Wage & Hour Div., Op. Ltr. FLSA, 1999 WL 1002399, at *2 (May 10, 1999)]). Section 778.114 could not possibly set forth anything other than a minimum because that is what is required by Section 7 of the Fair Labor Standards Act:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the [40] hours . . . at a rate *not less than* one and one-half times the regular rate at which he is employed.

(29 U.S.C. § 207(a)(1) [emphasis added]).

Plaintiff's legal citations do not help him. First, Section 778.114(a) repeats the same language: ". . . such a salary arrangement is permitted by the Act . . . if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate *not less than* one-half his regular rate of pay." (29 C.F.R. § 778.114(a) [emphasis added]).

The cases that Plaintiff relies on do not support his position because each of them deals with a situation, unlike Plaintiff's, where employees did not have a fixed salary as *straight time pay* for all hours worked. (*See Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 704 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993)[" an EMT would receive a straight hourly wage for call-in hours"]; *Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777, 780 (7th Cir. 2002) [firefighters were docked pay when working less than minimum hours and "[e]very extra hour is calculated and paid for."]; *Peterson v.*

5

*Snodgrass,* 683 F. Supp. 2d 1107, 1125 (D. Or. 2010) [Employees received "'comp time' for any hours worked over 50 per week. Unused comp time was to be paid out in cash at the end of the year."]; *Burgess v. Catawba County*, 805 F.Supp. 341, 348 (W.D.N.C.1992) ("[T]he 'weekly salary' of the Plaintiff was expressly meant to cover up to 60 hours worked in a week, not all hours worked in a week, whatever their number. Second, Plaintiff regularly received additional straight time pay over and above his weekly salary when he worked extra hours . . . ."]

In contrast, Plaintiff is only complaining about his ***overtime premiums***, not his undisputed straight time fixed salary.   (D.E. 83 at 2-3).  The fact that Plastipak's ***overtime premiums*** to a salaried employee just so happened to be the same amount that an hourly employee would have received in straight time pay does not magically transform these overtime premiums into straight time payments (Plaintiff's alleged confusion notwithstanding).  Plastipak was perfectly free to pay a more generous overtime premium by dividing the fixed salary by any number of hours less than or equal to the total that Plaintiff worked over 40 in any week – 38, 39, 40, 40.5, actual hour less 5, or whatever – and by multiplying the rate by any amount "not less than one-half" – 51%, 90%, 100%, 110%, etc.  (29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.114(a); D.E 78 at 14.)  The fact that Plastipak chose to divide by 40 hours and to multiply the resulting rate by 100% is irrelevant.

### B. There Was a Clear Mutual Understanding That Plaintiff Would Receive a Fixed Salary for Whatever Number of Hours He Worked

There is no actual dispute that the parties had a clear mutual understanding.

6

The 11th Circuit ruled that the $1,964.99 bi-weekly salary Plastipak paid to Plaintiff constituted a "fixed salary" for purposes of the FWW method – despite the fact that Plaintiff also received holiday pay, shift premiums, and more generous overtime premiums. (D.E 78 at 5, 6, and 22-24). It is undisputed that Plaintiff clearly understood that he would receive this fixed salary as straight time pay for *all* the hours he worked in any week, whether fewer or greater than 40. (D.E. 12, Answers to Interrogatories Nos. 5 and 6d; *see also* D.E. 33, Exhibit 1, Plaintiff Dep., pp. 45-47 and 173-174, and Ex. 5: Acknowledgment form). This understanding of his straight time pay is all that is needed to satisfy the "clear mutual understanding" requirement. (*Garcia, supra.*, 662 Fed.Appx. at 798). An employee "does not have to understand every contour of how the fluctuating workweek method is used to calculate salary." (*Id.*). Further, "the FWW method does not require employees to understand the exact calculations used to determine their overtime premiums . . .." (*Gallardo v. Scott Byron & Co.*, (2014 WL 126085, at *13 (N.D. Ill. Jan. 14, 2014)). Thus, any alleged confusion Plaintiff had about his overtime premiums is irrelevant.

Plaintiff falsely claims that "the parties agreed that Plaintiff's salary did **not** compensate anything more than a fixed number of 40 (non-overtime) hours worked each week." (D.E. 83 at 4 [emphasis in original]). Plastipak has agreed to nothing of the sort. Everybody, including Plaintiff, understood that his fixed salary covered *all* hours he worked, including those over 40. More importantly, the 11th Circuit found this to be the case:

7

> Plastipak paid Hernandez a fixed biweekly salary of $1,964.99, but the number of hours he worked varied each week. Sometimes he worked forty hours or more. Sometimes he worked less than that. Either way, Plastipak paid him his full fixed salary regardless of the total hours that he worked in a week.

(D.E. 78 at 5).

Plaintiff next claims that the FWW cannot be used because Plastipak "paid Plaintiff the same amount for overtime hours as it paid for non-overtime hours." (D.E. 83 at 7). This statement is both false and irrelevant. It is false to the extent that, whenever Plaintiff worked less than 40 hours in a week, the effective hourly rate of his total compensation was *greater* than the effective hourly rate of his compensation in those weeks that he worked overtime. While the effective hourly rate of his total compensation was the same whenever he worked 40 or more hours, this is irrelevant. The total hourly rate is not a factor in the FWW analysis so long as it does not fall below the minimum wage. (*See* 29 C.F.R. 778.114)

The FWW is concerned with "regular rate," not the overall total effective rate. (*See Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 579-80, 62 S.Ct. 1216, 1220-21, 86 L.Ed. 1682 (1942)). When there is a fixed salary and varying hours, this regular rate (= salary ÷ total hours) will decrease as hours increase. (*Id.*) The minimum overtime premium required by the FWW, one half the regular rate, will likewise decrease. (*Id.*). Plastipak, instead, paid overtime premiums that did not decrease as hours increase. (*See* D.E 78 at 14 ["the Act . . . does not prohibit paying more"]).

For example, in Plaintiff's case, if he worked a 50-hour week, his $1,964.99 bi-weekly salary (~$982.50 per week) would result in a regular rate of $19.65 per hour.

8

The minimum overtime premium due him would be half of that, $9.825 per hour, $98.25 total for the 10 overtime hours. Under Plastipak's method, he instead would have received an overtime premium of about $24.56 per hour ($982.50 ÷ 40), $245.62 total. In other words, Plastipak would have thus paid an overtime premium of roughly one and one-quarter of the regular rate ($24.56 ÷ $19.65 = 124.9%) – which is clearly "not less than" one half. For a 60-hour week, his regular rate would have been about $16.375 per hour. Plastipak's more generous overtime premium of $24.56 per hour comes to about one and one-half times (149.9%) the regular rate – again, obviously "not less than" one half.

Plaintiff thus got the best of both worlds. He received his entire fixed salary even when he worked less than 40 hours in a week (sometimes much less) and his hourly overtime premium never decreased no matter how many hours over 40 he worked. His being confused by this is irrelevant.

Accordingly, the fact that Plastipak paid to Plaintiff, a salaried employee, the same amount in *overtime premiums* that an hourly wage earner would have received in straight time pay did not transform those overtime premiums into straight time payments. It did not transform Plaintiff from being a salaried employee to an hourly employee. It did not transform his fixed $1,964.99 bi-weekly salary into an hourly wage. Plaintiff's undisputed clear understanding of his fixed salary received as straight time pay is controlling, not his alleged misinterpretation of his overtime premiums. (*See Garcia, supra,* 662 Fed.Appx. at 798; *Gallardo, supra,* 2014 WL 126085, at *13). There was thus a "clear mutual understanding" as required by Section 778.114.

9

## CONCLUSION

**WHEREFORE**, Defendant Plastipak Packaging, Inc., respectfully requests that this Honorable Court grant its Motion for Summary Judgment against Plaintiff Hector Hernandez and dismiss this matter in its entirety.

Respectfully submitted,

DEFENDANT PLASTIPAK PACKAGING, INC.

By:  *THOMAS GONZALEZ* (192341)
201 N Franklin St., Ste 1600
Tampa, FL 33602-5110
Office: 813-273-0050
Fax: 813-273-0072
Email:  tgonzalez@tsghlaw.com

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC
By:  RONALD G. ACHO (P 23913)
17436 College Parkway
Livonia, MI   48152
(734) 261-2400
racho@cmda-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Kimberly De Arcangelis | Andrew R. Frisch |
| Morgan & Morgan, P.A. | Morgan & Morgan, P.A. |
| 20 N. Orange Avenue, 14th Floor | 600 N. Pine Island Road, Suite 400 |
| Orlando. Florida 32801 | Plantation, Florida 33324 |

/s/ Thomas M. Gonzalez
Attorney